## "EXHIBIT A"

## SETTLEMENT AGREEMENT AND FULL AND
## FINAL RELEASE OF ALL CLAIMS

   This Settlement Agreement and Full and Final Release of All Claims (hereinafter "Agreement") is entered into by and among ROGER ECHOLS (hereinafter, "Plaintiff"), and METRO BROKERS, INC. ("Defendant"). Plaintiff and Defendant are collectively referred to herein as "the parties."

## BACKGROUND INFORMATION

   A. On February 12, 2015, Plaintiff filed a complaint in the United States District Court for the Northern District of Georgia, Atlanta Division, styled *Roger Echols, on behalf of himself and all similarly situated individuals, vs. Metro Brokers, Inc.*, Civil Action No. 1:15-CV-0426 (hereinafter referred to as the "Litigation"), which action arises out of or relates to the employment of or work allegedly performed by Plaintiff.

   B. Pursuant to the Litigation, Plaintiff alleges that Defendant intentionally and willfully failed to pay him overtime compensation on one or more workweeks during the three-year period preceding the filing of the Litigation as required under the Fair Labor Standards Act ("FLSA"). Plaintiff further alleges that Defendant failed to pay him for preliminary computer start-up and log-in time and for other off-the-clock work.

   C. Defendant denies Plaintiff's allegations as asserted in the Complaint and denies that Plaintiff was similarly situated to other current and former employees of Defendant. Defendant further asserts that it has acted at all times in good faith compliance with all federal and state laws.

   D. Despite their conflicting views, Plaintiff and Defendant desire to enter into an agreement to fully and finally resolve the Litigation, all monetary damages and other relief of any nature whatsoever alleged in or sought in the Litigation, and any and all FLSA or wage-related claims or disputes, that have been made or could have been made by or on behalf of Plaintiff against Defendant relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed.

   E. Plaintiff warrants and represents that he has not assigned any of his claims against Defendant or any other person or entity to be released in this Agreement and that no attorney other than Johnson Becker, PLLC, Sommers Schwartz, P.C., and Barrett & Farahany, LLP have a claim for attorneys' fees and/or costs arising from Plaintiff's claims released in this Settlement Agreement.

   F. This Agreement constitutes a good faith settlement of all of Plaintiff's disputed claims against Defendant, and shall not be deemed in any manner an admission, finding, or indication, for any purposes whatsoever, that Defendant, or any of its respective officers, employees, and/or other agents (including any parent, subsidiary, or other entity related to or affiliated with Defendant) acted contrary to law or violated the rights of Plaintiff or any other

person at any time.

NOW, THEREFORE, in exchange for good and valuable consideration, the sufficiency and receipt of which are hereby acknowledged, the Parties hereto agree as follows:

### STATEMENT OF AGREEMENT

The Parties hereby acknowledge, and rely upon as material to this agreement, the accuracy of the above Background Information and hereby agree as follows:

1. <u>Consideration</u>. In consideration of this Agreement and other good and sufficient consideration, including Plaintiff's agreement to dismiss with prejudice the Litigation, Defendants will tender to Plaintiff the gross amount of **ELEVEN THOUSAND AND FIFTY DOLLARS ($11,050.00)**, payable as follows (subject to the provisions of Sections 2-4, below):

    a. **Wage Income.** $1,775.00 (less withholdings and deductions) payable to Plaintiff for unpaid wages, which must be received by Plaintiff's counsel on or before fourteen (14) days (or the next business day if such day is a weekend or bank holiday) after the court approves the Parties' joint motion for approval of this Agreement, as provided in Section 2, below;

    b. **Non-Wage Income.** $1,775.00 (with no withholdings or deductions) payable to Plaintiff for FLSA liquidated damages, which must be received by Plaintiff's counsel within the deadline set forth in paragraph 1(a), above or within thirty (30) days after a completed W-9 for Plaintiff has been submitted to Defendant, whichever date last occurs. The settlement amount paid to Plaintiff for his alleged FLSA liquidated damages in Section 1(b) shall be paid without any deduction for any taxes or other withholdings ("1099 Payments") by separate check payable to Plaintiff in the amounts stated above;

    c. **Attorneys' Fees and Expenses.** $7,500.00, payable to Johnson Becker, PLLC for Plaintiff's attorneys' fees and costs of litigation, which must be received by Plaintiff's counsel within the deadline set forth in paragraph 1(a), above or within thirty (30) days after a completed W-9 for Johnson Becker, PLLC has been submitted to Defendant, whichever date last occurs. The settlement amounts paid to Plaintiff's counsel of record for fees and costs under Section 1(c) constitute payment to resolve all disputed claims for attorneys' fees and costs in connection with the Litigation.

Plaintiff represents and warrants that the payments set forth in Section 1(a) and (b) constitute payment of one hundred percent (100%) of Plaintiff's claims for alleged unpaid back wages and alleged liquidated damages under the FLSA, net of any attorneys' fees and costs.

2.      <u>Settlement Approval</u>. The Parties agree that, upon execution of this Agreement, they shall file a joint motion for approval of this Agreement with the United States District Judge before whom this Litigation is pending for the purposes of obtaining court approval in accordance with the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. All Parties agree that they will set the joint motion for hearing as soon as possible, if necessary. After the court approves the settlement of this Litigation, Defendants will transmit the payments required to Plaintiff's counsel within fourteen (14) business days as set forth in Section 1(a) above. If the District Court does not approve this Agreement, it shall be void *ab initio*.

3.      <u>Dismissal</u>. Upon judicial approval of the Agreement and Plaintiff's receipt of the payments, the Parties, through counsel of record, agree to fully execute and file the Stipulation of Dismissal with Prejudice attached hereto as Attachment A, with the court within two (2) business days and only to the extent that the Court's Order approving the Agreement does not also order the dismissal of Plaintiff's Complaint with prejudice.

4.      <u>Execution</u>. This Agreement shall become effective upon its execution. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed the same instrument. Execution delivered by facsimile or electronic mail to the Parties' counsel of record shall be deemed effective as if executed in original. Each person executing this Agreement, including execution on behalf of Defendant, warrant and represent that such person has the authority to do so.

5.      <u>Complete Release of Wage-Related Claims by Plaintiff.</u> Plaintiff irrevocably and unconditionally releases all monetary damages and other relief of any nature whatsoever alleged in the Litigation, and any and all other FLSA or wage-related claims or disputes against Defendant and all of its past and current owners, directors, officers, trustees, employees, affiliates, agents and related parties ("Released Parties"), relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed ("Released Claims"). Plaintiff understands that he is releasing the Released Parties from Released Claims that he may not know about. That is Plaintiff's knowing and voluntary intent. Plaintiff expressly waives all rights he might have under any law that is intended to protect him from waiving unknown claims. However, Plaintiff is not releasing any claim that relates to: (1) the right to enforce this Agreement; (2) any rights or claims that arise after signing this Agreement; and (3) any rights or claims that cannot be lawfully released.

6.      <u>Pursuit of Released Claims.</u>  Other than the Litigation, Plaintiff represents and warrants that he has not filed or caused to be filed any demand for arbitration, lawsuit, any complaint, charge, or claim with respect to any Released Claim, and promises never to file or prosecute any demand for arbitration, lawsuit, or complaint based on any such claim. Plaintiff understands that while he is not precluded from filing a charge with an administrative agency, he promises never to seek any damages, remedies, or other relief for himself personally (any right to which he hereby waives) by filing or prosecuting a charge with any administrative agency with respect to such claim.

7. <u>Waiver of Right to Seek Re-Employment</u>. Plaintiff agrees to refrain from ever knowingly seeking employment in any capacity with Defendant or its subsidiaries, divisions and affiliates. Plaintiff waives any right or entitlement to such employment and understands and acknowledges that he does not now and will not ever have any right or entitlement to such employment.

8. <u>Non-Disparagement</u>. Plaintiff agrees that he will not criticize, denigrate, or disparage any of the Released Parties in any comments or statements. Defendant will advise its executive management team not to criticize, denigrate, or disparage Plaintiff to third parties. In the event a potential future employer of Plaintiff contacts Defendant to inquire about Plaintiff's employment with Defendant, Defendant will only state Plaintiff's dates of employment and position(s) held.

9. <u>Payment of Applicable Taxes</u>. Plaintiff is and shall be solely responsible for all federal, state and local taxes that may be owed by Plaintiff by virtue of the receipt of any portion of the monetary payment provided under this Agreement. Defendant will be solely responsible for the employer's share of any required taxes. Plaintiff agrees to hold harmless Defendant from any and all liability, including, without limitation, all penalties, interest, and other costs that may be imposed by the Internal Revenue Service or other governmental agencies regarding any of Plaintiff's tax obligations that may arise from the monetary consideration made to Plaintiff under this Agreement.

10. <u>Severability</u>. It is the desire and intent of the parties that the provisions of this Agreement shall be enforced to the fullest extent permissible. Accordingly, if any particular paragraph(s), subparagraph(s) or portion(s) of this Agreement shall be adjudicated to be invalid or unenforceable as written, such paragraph(s), subparagraph(s) or portion(s) shall be modified to the extent necessary to be valid or enforceable. Such modification shall not affect the remaining provisions of this Agreement. To the extent any paragraph(s), subparagraph(s) or portion(s) of this Agreement are found invalid or unenforceable and cannot be modified to be made valid or enforceable, then the Agreement shall be construed as if that paragraph(s), subparagraph(s) or portion(s) was deleted, and all remaining terms and provisions shall be enforceable in law or equity in accordance with their terms.

11. <u>No Admission</u>. Neither the execution nor performance hereof, nor any representation or covenant contained herein, shall be considered or construed as an admission of liability on the part of any of the Parties hereby released. It is understood and agreed by the Parties that this Agreement is a compromise of disputed claims, and the payments are not to be construed as an admission of liability on the part of the Parties hereby released, by each of whom liability is expressly denied.

12. <u>Entire Agreement</u>. This Agreement contains the entire agreement and understanding between the parties with respect to its subject matter, and this Agreement supersedes all other agreements between the parties with regard to such disputes or claims. Plaintiff affirms that the only consideration for his decision to execute and execution of this

Agreement are the terms stated herein and that there are no other promises or arrangements of any kind which have caused Plaintiff to execute the Agreement; that he fully understands the meaning and intent of the Agreement, including, but not limited to, its final and binding effect; and that he has consulted legal counsel before executing the Agreement. Any modification or change to this Agreement must be made in writing and signed by all Parties.

13. Construction. The language contained in this Agreement shall be deemed to be approved jointly by the Parties, and no rule of strict construction shall be applied against any Party hereto. Paragraph headings used in this Agreement are for reference only and are not substantive terms nor intended to modify the meaning or intent of the paragraph. No provision of this Agreement is inferred or shall be interpreted or applied so as to preclude any Party to this Agreement from complying with any federal, state, or local law, rule, or regulation.

14. Choice of Law & Choice of Venue. The terms of this Agreement shall be governed and construed pursuant to the law of the State of Georgia. The parties further agree that that any actions arising under, or to enforce, this Agreement shall be brought exclusively in the United States District Court for the Northern District of Georgia, provided that, if the United States District Court for the Northern District of Georgia declines to exercise jurisdiction over such action, such action shall be filed in the Fulton County Superior Court in Atlanta, Georgia. The parties hereby expressly consent to jurisdiction and venue in Atlanta, Georgia and waive any defenses related to jurisdiction or venue.

15. Knowing and Voluntary Waiver. Plaintiff hereby affirms and acknowledges that Plaintiff has read the foregoing Agreement and has had the opportunity to consult with an attorney of Plaintiff's choosing, before signing it. Plaintiff further affirms that he understands the meaning of the terms of this Agreement and their effect and that he agrees that the provisions set forth in the Agreement are written in language that he understands; that the payment referred to in this Agreement exceeds that to which he would otherwise have been entitled; that the actual payment is in exchange for his release of the claims referenced in this Agreement; and that Plaintiff enters into this Agreement freely and voluntarily with full knowledge of its implications.

**[SIGNATURES APPEAR ON THE FOLLOWING PAGE]**

IN WITNESS WHEREOF, the undersigned have executed this Settlement Agreement and Release effective on the date(s) set forth below.

**AGREED AND ACCEPTED**

*/s/ Roger Echols*
Roger Echols

Date: 7/30/2015

**AGREED AND ACCEPTED**

By: Metro Brokers, Inc.

By: */s/ Kevin Levent* KEVIN LEVENT

Title: PRESIDENT

Date: 8/11/2015